ADRIENNE C. PUBLICOVER (State Bar No: 161432)
REBECCA LABAT CROSBY (State Bar No: 221241)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
650 California Street, 14th Floor
San Francisco, California 94108-2718
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370

**E-filed 11/22/05**

Attorneys for Plaintiff
AMERICAN INTERNATIONAL LIFE
ASSURANCE COMPANY OF NEW YORK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK,<br><br>          Plaintiff,<br><br>    v.<br><br>BERNARDO BAMBALAN; PETER ISLA; MARIZEN ISLA; MARY ANN ISLA; and DOES 1 through 20,<br><br>          Defendants. | Case No.: C04-04864 RS<br><br>**STIPULATED JUDGMENT**<br><br>The Honorable Jeremy Fogel |

Upon reading the Stipulation and Order for Entry of Judgment in Interpleader and it appearing that plaintiff American General Life Assurance Company of New York, (hereinafter "AILife"), has brought this action in interpleader, that this Court has jurisdiction of the parties and of the subject herein, and that good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.   That AILife properly filed its complaint in interpleader and declaratory relief and that this is a proper cause for interpleader;

2.   That, by reason of the death of Zenaida S. Bambalan ("the insured") on or about August 1, 2004, the sum of Forty-Three Thousand Dollars ($43,000.00) ("Benefit Proceeds") became payable pursuant to a certificate of life insurance AILife issued to the insured pursuant to an employee welfare benefit plan sponsored by Wal-Mart Stores, Inc. for the benefit of its

employees ("the Policy").

3. That according to information received by plaintiff AILife, at the time of her death in August 2004, the insured was married (although separated) to Defendant Bambalan. Plaintiff AILife also received information that the insured had filed a Petition for Dissolution of Marriage on July 23, 2004 in Santa Clara County Superior Court, but the dissolution was not finalized prior to the insured's death on August 1, 2004.

4. That because Defendant Bambalan might have been entitled to his community property interest in the insurance, plaintiff AILife retained 50% of the insurance proceeds. As for the other 50%, plaintiff AILife paid the life insurance proceeds to the designated beneficiaries (Mary Ann Isla, Marizen Isla and Peter Isla) in equal shares.

5. That defendants Bernardo Bambalan, Mary Ann Isla, Marizen Isla and Peter Isla each claim entitlement to some or all of the Benefit Proceeds and that, to date, no other person or entity currently makes claim to AILife for the Benefit Proceeds;

6. That AILife was ready, willing, and able to deliver the benefits to the person(s) legally entitled thereto. However, by reason of the actual and potential conflicting claims to the Benefit Proceeds, AILife did not know and was unable to determine the person(s) legally entitled to them;

7. That AILife properly filed its complaint in interpleader on or about November 16, 2004, and that this is a proper cause for interpleader;

8. That concurrently with the filing of its complaint in interpleader, AILife deposited with the clerk of this Court the remaining 50% of the Benefit Proceeds, totaling Twenty-One Thousand, Six Hundred Seventy-Three Dollars and Forty-Six Cents ($21,673.46), which represents the insurance proceeds payable under the Policy, plus accrued interest;

9. That, having deposited the monies with the Clerk of the Court on or about November 16, 2004, AILife, its successors, affiliates, parent corporation, officers and agents are fully and forever released, discharged, and acquitted from any liability of any kind or nature whatsoever under the Policy or by reason of the death of Zenaida S. Bambalan as to any and all claims, charges,

demands, or otherwise that exist now or may arise at any time in the future;

    10.    That on or about September 1, 2005 the Clerk of the Court properly entered the default of defendant Bambalan and the Court hereby enters a default judgment against defendant Bambalan;

    11.    That defendants Bernardo Bambalan, Mary Ann Isla, Maritzen Isla and Peter Isla are permanently enjoined from instituting or prosecuting any proceeding in any state or United States court against AILife, its successors, affiliates, parent corporation, officers and agents with respect to the Benefit Proceeds due under the Policy;

    12.    That defendants Mary Ann Isla, Maritzen Isla and Peter Isla acknowledge and agree that AILife has not made any representations regarding the legal or tax consequences of any payments to be made pursuant to this Stipulation;

    13.    That defendants Mary Ann Isla, Maritzen Isla and Peter Isla agree that Mary Ann Isla is entitled to receive a 34% share of the Benefit Proceeds and interest deposited with the Court, 33% to defendant Maritzen Isla and 33% to defendant Peter Isla and that defendant Bambalan shall receive nothing from the Benefit Proceeds;

    14.    That defendant Mary Ann Isla may be awarded $7368.98, that Maritzen Isla may be awarded $7152.24 and that Peter Isla may be awarded $7152.24 of the Benefit Proceds that AILife deposited with the Clerk of this Court on or about November 16, 2004 and, by order of this Court, the Clerk of this Court shall pay such amount to defendant Mary Ann Isla by check made payable to "Mary Ann Isla" and said check to be sent to "Mary Ann Isla, 4288 Roxbury Drive, Tracy, California, 95377;" to defendant Maritzen Isla by check payable to "Maritzen Isla" and said check to be sent to "Maritzen Isla, 4288 Roxbury Drive, Tracy, California, 95377;" and to defendant Peter Isla by check payable to "Peter Isla" and said check to be sent to "Peter Isla, 4288 Roxbury Drive, Tracy, California, 95377;"

    15.    That AILife is dismissed from this action without cost to any party and all parties are to bear their own costs and fees.

1 | **IT IS SO ORDERED.**

Dated:    11/22/05

/s/electronic signature authorized
_____
The Honorable Jeremy Fogel
U.S. District Court Judge